UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE H.M., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:07-CV-2116 (CEJ) ) |
| ST. LOUIS COUNTY, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion to proceed under a pseudonym. Defendants have not yet been served.

In the complaint, plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 and state law tort claims, stemming from defendants' alleged conduct toward plaintiff after they learned that he had filed a lawsuit in which he claimed to have been a victim of sexual abuse as a child. Plaintiff, a former police officer, alleges that he was defamed, falsely imprisoned, and that his employment was terminated.

Plaintiff asks that the Court allow him to proceed in this action under the pseudonym "John Doe H.M.." Plaintiff was granted leave to proceed with this pseudonym in a separate action that is pending in this district. . See John Doe H.M. v. City of Creve Coeur, et al., Case No. 4:07-CV-946 (ERW). Plaintiff states that use of a pseudonym is necessary because of his history of sexual abuse. Because details of the abuse are likely to be revealed, plaintiff would suffer public ridicule and humiliation if his real name were used.

Pleadings are generally required to "include the names of all the parties." Fed.R.Civ.P. 10(a). However, courts have recognized an exception to this rule where the "need for anonymity is

sufficiently compelling." Heather K. v. City of Mallard, 887 F. Supp. 1249, 1256 (N.D. Iowa 1995). Although the Eighth Circuit has not articulated any specific standard for making this determination, other courts have identified several circumstances in which the exception may apply: (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. See Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). The court must also consider the public's interest in the openness of judicial proceedings. Id.

Plaintiff has shown that anonymity is warranted by the likelihood that very personal information about his childhood may be disclosed in this case. Such disclosure could prove embarrassing to plaintiff and his family and could subject them to unnecessary public scrutiny. The Court believes that the interest of preserving the plaintiff's privacy through the use of a pseudonym outweighs the interest of the public in ascertaining his true identity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed under a pseudonym [#2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall be referred to as **"John Doe H.M."** in all pleadings and documents filed in the Court's public record.

**IT IS FURTHER ORDERED** that violation of this Order may result in the imposition of sanctions or may be deemed a contempt of court.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2008.